

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ASSOCIATED TERMINALS OF ST. BERNARD, LLC | CIVIL ACTION |
| VERSUS | NO. 04-3216 |
| CLAY W. RYAN | SECTION T(5) |

Seabright Insurance Company filed a Motion for Declaratory Judgment which came before the Court for hearing on August 10, 2005 (Doc. 14).  Oral argument was waived by the parties and the matter was taken under submission on the briefs only.  The Court, having considered the record, the evidence submitted, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

## ORDER AND REASONS

I.   BACKGROUND

This action arises out of alleged injuries sustained by Clay Ryan on or about June 11, 2004 while working aboard the D/B DOCKSIDER, a vessel owned and operated by Associated Terminals of St. Bernard, LLC ("ATSB").  Based on the nature of Ryan's employment, all parties stipulated that Ryan was a seaman for Jones Act purposes, hence not a longshoreman.  Further, all parties have stipulated that Seabright Insurance Company ("Seabright"), LHWCA



carrier for ATSB, insures only Longshore and not seamen claims for ATSB. Accordingly, Seabright has denied coverage of this claim because it did not provide coverage for seamen claims to ASTB. Therefore, Seabright contends that it is entitled to declaratory judgment because the stipulated facts support its position that it has no coverage over any claims in this case.

## II.   LAW AND ANALYSIS OF THE COURT

A stipulation was entered into the record on May 9, 2005, which reads:

> Since all parties agree that plaintiff's claims are governed by the law of seamen, the parties request that partial judgment be rendered in favor of the Complaint for Declaratory Judgment filed by ATSB and Complaint of Intervention filed by SeaBright Insurance Company, recognizing that the plaintiff has seaman status under the Jones Act and General Maritime Law.

In addition, all parties have stipulated that Seabright does not insure seaman claims for ASTB.

ASTB argues that declaratory judgment is not warranted at the present time because further discovery could show that Ryan is in fact not a seaman for Jones Act purposes. However, this Court finds this argument unpersuasive. ASTB initiated the present suit to clarify whether plaintiff is indeed a Jones Act seaman. After the suit was initiated, the plaintiff agreed that he is a seaman and all parties, including ASTB, executed stipulations to that effect. For the foregoing reasons, this Court finds that judgment must be rendered recognizing the declaration that ASTB, an LHWCA carrier, has no coverage over this Jones Act claim.

Accordingly,

**IT IS ORDERED** that the Motion for Declaratory Judgment, filed on behalf of Seabright Insurance Company, be and the same is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that Clay Ryan is a Jones Act "seaman" regarding his employment with ASTB Terminals of St. Bernard, LLC ("ATSB") in the incident aboard the D/B DOCKSIDER which allegedly occurred on or about June 11, 2004, and Seabright Insurance Company as LHWCA carrier for ATSB has no coverage over any claims in this case.

Houma, Louisiana, this 28th day of November, 2005.

UNITED STATES DISTRICT JUDGE
G. THOMAS PORTEOUS, JR.